## Lee v. Lee.

(Decided June 13, 1930.)

L. G. CAMPBELL and WILLIAM H. MILLER for appellant.

KATHLEEN MULLIGAN AND ERLE McGUFFEY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Margaret Holmes Lee brought this action against her husband, Lacy Lee, alleging that for nearly a year he had habitually behaved towards her in such cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness. The prayer of the petition is in these words:

"Wherefore, this plaintiff prays the court for an absolute divorce from the defendant, Lacy Lee,

and alimony and maintenance for their infant daughter, Virginia, and that she have an allowance therefor pendente lite; she prays for the allowance of a reasonable attorney's fee herein for counsel for her costs herein and for all such proper and other relief as the circumstances may require.''

Voluminous proof was taken. The court entered the following judgment:

''This cause being on submission to the court for his opinion and judgment, the court having considered the cause and being advised from the pleadings and proof on file, is of the opinion that the plaintiff is entitled to the relief sought in her petition.

''It is therefore adjudged by the court that the bonds of matrimony heretofore existing between the plaintiff and the defendant be cancelled and forever held for naught and the plaintiff and the defendant are now, each restored to all the rights and privileges of single and unmarried persons.''

The court ordered that the husband should pay $5 a week for the support of the child, Virginia, who was two years old; he also ordered the husband to pay the cost of the action, which amounted to $62, and $100 as the wife's attorney's fee. The husband appeals.

It is insisted for the appellant that the judgment is void on the ground that the husband had not asked a divorce and by the judgment the parties are divorced. But the judgment follows the prayer of the wife's petition, which was that she be granted a divorce and when the wife was divorced the husband was also divorced. The judgment is authorized by the statute. In view of the defense made by the husband and the amount of proof that was taken and the number of hearings that were had, it cannot be said that the allowance of $100, attorney's fee to the wife's attorney, was unreasonable. Section 900, Kentucky Statutes, provides that in action for alimony and divorce the husband shall pay the cost of each party, unless it shall be made to appear in the action that the wife is in fault and has ample estate to pay the same. There is no showing that the wife has property. The court therefore properly adjudged the husband to pay the cost of the action, which is not excessive considering the amount of work done.

Judgment affirmed.